Bezaleel Gillet and William Gordon, plaintiffs in error *v.* Caleb Stone, William Manning, and John B. Glover, defendants in error.

### *Error to Madison.*

The exercise of the power to grant or refuse an application to set aside a default and permit the defendant to plead,—as also, the granting or refusing of a motion for a new hearing, is a matter of sound legal discretion; and the Supreme Court cannot interfere with the exercise of that discretion by the Circuit Court.

Instructions to a jury upon an inquest of damages, are mere interlocutory matters, and the Supreme Court has no right to re-examine them.

The statute of July, 1837, does not extend to motions to set aside defaults.

The averment at the end of a declaration containing several counts, in a suit where process was sent to a foreign county, that the cause of action accrued in the county where the suit was brought, and within the jurisdiction of the Court, and that the plaintiffs reside in said county, is sufficient to give the Court jurisdiction.

Several counts in case can be joined in one declaration.

*Semble,* That where the verdict of a jury is for a greater sum than the *ad damnum* laid in the declaration, the plaintiff may remit the excess, and take judgment for the sum laid.

This was an action brought by the defendants in error, in the Madison Circuit Court, against the plaintiffs in error. The summons was directed to the sheriff of Morgan county, and by him executed upon the defendants in the Court below. Previous to

(1) Gale's Stat. 516.  (2) Gale's Stat. 520.
(3) Gale's Stat. 521.  (4) Gale's Stat. 521.

the issuing of the summons, the attorney of the plaintiffs in the Court below, filed an affidavit of the indebtednes of the defendants to the plaintiffs, and " that the cause of action accrued in Alton, Madison County."

The declaration contained three counts in case, for deceit in the sale and delivery of a quantity of pork. At the end of the declaration there was an averment " that the cause of action accrued at Alton, in the county of Madison, and within the jurisdiction of this Court, and that they, the said plaintiffs, reside at Alton aforesaid, in said county of Madison aforesaid."

The first count averred that the defendants contracted and endeavored to sell a large quantity of bulk pork, to wit, 140,000 pounds at $4 per 100 pounds, and that defendants fraudulently &c. delivered 86,814 pounds as and for 140,000 pounds—and that the quantity delivered was less than 140,000 pounds, to wit, less by 53,186 pounds.

The second count averred that the plaintiffs agreed to buy from the defendants 140,000 pounds of bulk pork, at $4 per 100 pounds, and that the defendants having a knowledge of there being a less quantity than 140,000 pounds, to wit, that there was but 86,814 pounds, sold the last mentioned quantity to the plaintiffs as and for 140,000 pounds, and thereby fraudulently deceived and defrauded the plaintiffs.

The third count alleges that the plaintiffs agreed to buy of the defendants, 140,000 pounds of bulk pork at $4 per 100 pounds, to be delivered to the plaintiffs, in flat boats, at Alton,—that plaintiffs have always been ready to receive the same &c., and that a reasonable time had elapsed &c., and the pork had not been delivered,—but that the defendants fraudulently intending to deceive &c., offered and endeavored to deliver to the plaintiffs, a much less quantity than 140,000 pounds, to wit : 86,814 pounds as and for the same quantity bargained for.

The plaintiffs' damages were laid at $2,000.

At the February term, 1836, of the Madison Circuit Court, the Hon. Sidney Breese presiding, the default of the defendants was entered, and a writ of inquiry awarded. The jury returned a verdict for $2,302,44 for the plaintiffs.

The bills of exceptions state that on the day that judgment by default was entered in this cause, the defendants, by their attorney, moved the Court to set aside the default entered in this cause upon the following grounds, first, " That the Court has no jurisdiction of the cause; second, That the affidavit upon which the writ issued, is not sufficient to authorize the issuing the same to the county of Morgan."

" The Court overruled the motion to set aside the default. The defendants' attorney then proposed to make and present an affi-

davit of merits, for the purpose of setting aside the judgment by default, but the Court refused to permit the defendants at this stage of the proceedings, the writ of inquiry being about to be executed, to prepare an affidavit on which to make a motion to set aside the default, the said defendants' counsel having had twenty-four hours in which to make such affidavit. And that after the testimony had been closed in this cause, the Court instructed the jury, at the instance of the plaintiffs, that by the judgment of default in this case, the defendants admitted the contract as set out in the declaration, and that the plaintiffs had a right to recover for the deficiency in the quantity of pork delivered, as stated in the declaration ; that the plaintiffs were not bound to prove upon the inquiry of damages, the deficiency in the quantity of pork, but the extent of deficiency as to quantity, was admitted by permitting judgment by default."

" And that upon the execution of the writ of inquiry in this case, the plaintiffs produced to the Court several bills of exchange made and drawn by defendants upon plaintiffs for money, and proved the hand writing of defendants, and offered to read those bills of exchange to the jury upon the proof of the hand writing of the defendants, as above stated ; defendants objected to the admission of said bills of exchange as evidence, but the Court overruled the objection, and permitted the said bills of exchange to be read as evidence to the jury."

The defendants in the Court below excepted to each of the said several opinions and decisions of the Court.

The cause was continued to the April term, 1836, when the plaintiffs remitted $302,44 of the damages rendered by the verdict of the jury, and judgment was rendered for the plaintiffs for $2,000.

The cause was argued in writing by WILLIAM THOMAS, for the plaintiffs in error, who relied upon the following points and authorities:

The Court will vacate the assessment of damages when there is an evident mistake of the Clerk. Burr *v.* Reeve, 1 Johns. 507.

If it appears that injustice has been done by the admission of improper testimony, the Court will set aside an inquisition. Ward *v.* Haight, 3 Johns. C. 80.

Proceedings after default will be set aside for irregularity. Griswold *v.* Stoughton, 1 Caines 506 ; Spencer *v.* Webb, 1 Caines 118.

If it appear that important questions of law will arise on the execution of a writ of inquiry, it will be executed before a judge. Tillotson *v.* Chatham, 2 Johns. 106.

2T

To prove that the Court may assess damages.    2 Saund. 107, note 2 ; McCullum *v.* Barker, 3 Johns. 153.

Where the sheriff or jury mistake a point of law, the Court will set aside the inquisition.    1 Tidd's Practice 630 ; 2 Salkeld 647 ; 1 Strange 425 ; Woodford *v.* Eadis do.; 2 Strange 1259, Markham *v.* Middleton.    In this case the inquisition was set aside for the erroneous decision of the sheriff, and to prove his decision erroneous upon a question of adjournment or continuance see 2 Strange 853, Coleman *v.* Mawly.    If the sheriff admits improper evidence, the Court will set aside the inquisition.    1 Crompton's Practice 290, referring to Barns 448 ; 10 Petersdorf 462.

In executing writs of inquiry, the judge at *nisi prius* is only assistant to the sheriff, and has no judicial power.    Buller on Trials 58.

Where improper testimony has been admitted by the sheriff, the Court will set aside the inquisition.    1 Bos. and Pul. 368 ; 1 Paine and Duer's Practice 637.

Upon inquiry of damages all that the defendant will be allowed to dispute, is the amount of damages.    Saund. on Plead. and Ev. 103.

· Upon writ of inquiry the plaintiff must prove the *quantum* of damages.  10 Petersdorf 458.

An able argument was filed on the part of the defendants in error, by GEO. T. M. DAVIS and J. MARTIN KRUM. They cited the following authorities:

3 Stark. Ev. 1772; Paine and Duer's Pract. 635 ; 3 Term R. 302 ; 1 Phillip's Ev. 149 ; 3 Johns. 56 ; 3 Blac. Com. 396 ; 2 Saund. 586, 307 ; 2 Term R. 4 ; 7 Mass. 205 ; R. L. 145.(1)

SMITH, Justice, delivered the opinion of the Court :

In this case a judgment by default and assessment of damages was had, no plea being interposed, though the defendants in the Circuit Court applied for leave to plead, and to set aside the default, which the Court refused.    On the inquest, the defendants took exceptions to the instructions of the judge to the jury—the inquest being had in the Court before the judge.    Subsequently, and before judgment on the inquest, the defendants moved to set aside the inquest, and grant a new trial.    The Circuit Court refused to allow the motion.

It is now urged for error, that the Circuit Court ought to have set aside the default, and permitted the defendants to plead.  That the instructions of the judge to the jury of inquest, on the nature and extent of the evidence required, was erroneous ; and that improper evidence was admitted.

(1) Gale's Stat. 166.

Gillet *et al. v.* Stone *et al.*

It is also assigned for error that there is a misjoinder of counts; and that the Court had no jurisdiction.

To the causes urged as error, it is sufficient to reply, that the exercise of the power to grant or refuse the application to set aside the default and permit the party to plead,—as also, the granting of a new hearing, was a matter of sound legal discretion; and this Court cannot interfere with that power. So in the case of the instructions to the jury of inquest,—this Court has no legal right to re-examine the instructions, these being merely interlocutory matters. The present statute in relation to granting new trials, does not extend to cases of the present character. The exception to jurisdiction is not well taken—it sufficiently appears on the face of the pleadings—being specially set forth; and the counts are all in case and there is no misjoinder.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* Jurisdiction: See Clark *v.* Harkness, *Ante* 56; Key *v.* Collins, *Ante* 403; Gillet *et al. v.* Stone *et al., Post.*

Default: See Harmison *v.* Clark, *Ante* 131; Garner *et al. v.* Crenshaw, *Ante* 143; Morton *v.* Bailey *et al.* 213; Wallace *v.* Jerome, *Ante* 524.